**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BOBBY RAY GRADY,**

    **Plaintiff,**

vs.                                         Case No. 4:10cv8-RH/WCS

**ROBERT A. FOSTER,
MARK A, OBER,
and ANTINA MOBLEY,**

    **Defendants.**

                                     **/**

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, field a civil rights complaint on January 6, 2010. Doc. 1. In a separate order entered this day, Plaintiff's motion seeking leave to proceed *in forma pauperis*, doc. 2, has been granted. Plaintiff has recently filed a notice of filing a "writ of certiorari." Doc. 4.

Plaintiff is currently held at the Florida State Hospital in Chattahoochee, Florida. Plaintiff was "adjudicated not guilty by reason of insanity by Florida state courts." Doc. 1, p. 2. The Defendants are a state court judge, Robert A. Foster, state attorney Mark A. Ober, and public defender Antina Mobley. *Id.* All three of the Defendants are located

in Tampa, Florida. The actions of the Defendants took place within the 13th Judicial Circuit. *Id.*

Because Tampa is located in the Middle District of Florida, as are each of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Tampa Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Eleventh Circuit has recognized the court's ability to raise the issue of defective venue *sua sponte*, but limited the court's ability to dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.") The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). *See* Lipofsky, 861 F.2d at 1259, n. 2. Thus, it is recommended that the case be transferred rather than dismissed.

Although some courts have required the trial court to give the parties an opportunity to respond to the transfer order prior to implementation of the order, a hearing is not necessarily required on every transfer motion. *Cf.* Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974). This case does not require a hearing.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 25, 2010.

 s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**